# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL EUGENE PARKER, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 18-2018-JWL |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This case is before the court on the motion of the defendant, Acting Commissioner of Social Security (hereinafter Commissioner), to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 9) (hereinafter Comm'r Mot.). Plaintiff, who appears pro se,[1] responded by filing an "Appellant's Brief" (Doc. 10), and a "Certificate of Interested Parties." (Doc. 11). The Commissioner's motion is now ripe for decision. The court finds that it is without subject matter jurisdiction and ORDERS that the Complaint shall be dismissed.

**I.  Background**

---

[1] Because he appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff seeks judicial review of a decision of the Commissioner made on December 18, 2017.  (Doc. 1, p.5) (hereinafter Complaint); see also (Doc. 1, Attach. 1). Plaintiff asserts in his Complaint that the "Commissioner denied my previous claim for disability benefits.  The previous decision covered the same issues as this action about my health on or before September 2010."  (Complaint, p.3).

The decision for which the plaintiff seeks judicial review is a "Notice of Disapproved Claim," dated December 18, 2017.  (Complaint, Attach. 1).  The Commissioner argues that there has been no final decision in this case as required by 42 U.S.C. § 405(g), and consequently the court is without jurisdiction to review the initial level decision at issue in this case.  (Comm'r Mot. 1-2).

Along with her Motion to Dismiss, the Commissioner filed the "Declaration of Nancy Chung," the Acting Chief of the Social Security's Court Case Preparation and Review Branch 2, and Ms. Chung's Declaration includes documents regarding the proceedings before the Commissioner.  (Comm'r Mot.) (Attach. 1).  Those documents include the Notice of Disapproved Claim issued at the initial level of Plaintiff's application for benefits before the Commissioner (Attach. 1, pp.5-7); the "Notice of Decision – Unfavorable," issued in Plaintiff's previous claim for disability benefits dated August 28, 2015 (Attach. 1, pp.8-33); and the "Judgment in a Civil Action" issued by this court on August 2, 2016, affirming the Commissioner's final decision on Plaintiff's previous claim for disability benefits.  (Attach. 1, p.34).  Ms. Chung asserts that Social Security Administration records show that Plaintiff filed a new application for disability benefits pursuant to Title II of the Social Security Act on August 28, 2017 and that

application was denied at the initial level in the notice dated December 18, 2017. (Attach. 1, pp.2-3). She asserts that the "Notice of Disapproved Claim" informed Plaintiff that his new application covered the same issues as his prior application, which had been denied, and that denial was affirmed by the United States District Court for the District of Kansas. Id. at 3.

"[A] motion under Rule 12(b)(1) 'may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295 (10th Cir. 2003) (hereinafter Davis v. U.S.) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). The court in Davis v. U.S. held that, "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' 'In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" Davis v. U.S., 343 F.3d at 1296 (quoting Holt, 46 F.3d at 1003) (brackets in Davis v. U.S.). Therefore, the court considers Ms. Chung's declaration and the documents attached to it when deciding this motion.

The sole basis for federal court jurisdiction in Social Security cases arises under 42 U.S.C. § 405(g). Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir. 1998) (citing Reed v. Heckler, 756 F.2d 799, 782 (10th Cir. 1985)). As explained in Reed, 42 U.S.C. § 405(h) bars federal question jurisdiction in suits challenging denial of claimed Social Security benefits. Reed, 756 F.2d at 782 (citing

3

Weinberger v. Salfi, 422 U.S. 749 (1975)). Therefore, 42 U.S.C. § 405(g) provides the only means of judicial review of such claims. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). In 1977, the Supreme Court further held that the Administrative Procedures Act does not provide an implied grant of subject-matter jurisdiction for review of the actions of the Social Security Administration. Califano v. Sanders, 430 U.S. 99, 107 (1977).

The Social Security Act provides that federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); see also § 405(h) ("No findings of fact or decision of the Commissioner ... shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the term "final decision" is not defined in the statute, "its meaning is left to the [Commissioner] to flesh out by regulation." Salfi, 422 U.S. at 766. A decision of the Commissioner is not final unless the claimant first exhausts his administrative remedies. 20 C.F.R. §§ 404.900(a), 416.1400(a); see Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir.1993); see also Califano, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]....").

The Commissioner's "Notice of Disapproved Claim" explained to Plaintiff that he had "the right to appeal," and that his appeal was to be filed "with any Social Security office" within sixty days after he received the notice. (Complaint, Attach. 1, p.2). Instead of filing an appeal with a Social Security office, Plaintiff chose to file this action with the court. Consequently, he failed to exhaust his administrative remedies before the Social Security Administration.

4

A claimant may be excused from the exhaustion requirement if he states a colorable constitutional claim. <u>Mathews</u>, 424 U.S. at 330-32. Plaintiff has not alleged, and the court sees no basis for a constitutional claim in this case. Therefore the court is without subject matter jurisdiction in this case, and it must be dismissed.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 9) is GRANTED and this case is DISMISSED.

Dated April 26, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**